UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20587-CR-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MADELINE LUCAS,

    Defendant.

_____/

**DEFENDANT MADELINE LUCAS' SENTENCING MEMORANDUM**

**PERSONAL BACKGROUND**

    Madeline Lucas is the 51-year-old single mother of her 12-year-old daughter, Allison. Madeline was divorced from Allison's father in 2003 when Allison was 3 years old. Since that time, Allison's father has been largely absent from her life and she has been raised solely by Madeline. As the Court can see from the photographs and letters written by Madeline's friends and family members (attached hereto), Madeline and Allison have an exceptionally strong mother-daughter relationship and Allison is very dependent upon Madeline for her day-to-day care and support. The people who wrote the letters spent much of their time speaking about Allison because they know that Allison's well-being is Madeline's greatest concern.

    Madeline Lucas has been a Licensed Mental Health Counselor since 2000. Her numerous other educational achievements are listed in paragraph 167 of the Presentence Investigation. Obviously, she will be giving up her Mental Health Counselor License as a result of this case and

must now find another way to support herself and her daughter.

**CASE INVOLVEMENT**

Madeline was a therapist at Biscayne Milieu, full-time or part-time, from July 2009 through April 2011.  The Court is familiar with Madeline's job at Biscayne Milieu from the trial testimony.  She participated in the falsification of patient notes.  She received no financial gain from the fraud committed by Biscayne Milieu other than her normal paycheck.

**COOPERATION WITH AUTHORITIES**

Madeline began cooperating with the authorities in December of 2010.  Since that time she has participated in countless hours of debriefings during which she provided the authorities with information that was both exceptionally voluminous and exceptionally valuable.  As the Court witnessed, her trial testimony was as valuable to the government as it was personally humiliating and exhausting for Madeline.

**THE EFFECT OF A SENTENCE OF IMPRISONMENT**

In the event Madeline's sentence includes a term of imprisonment, the most devastating effect will be that there will be no one to provide the financial, emotional or even physical care for Madeline's 12-year-old daughter Allison. Madeline's ex-husband (Allison's father) is a 59-year-old freelance photographer who lives in a converted utility shed in the backyard of his ex-girlfriend's home.  This "apartment" consists of one small bedroom and no bathroom.  There is physically no room for Allison to live there.  Further, Mr. Lucas has been a largely absent father since their divorce when Allison was 3 years old.  His time, effort, and money are now spent caring for the daughter of his ex-girlfriend, not for Allison   He is some $50,000 behind in his child support payments for Allison.  He is not a candidate to care for Allison.

Madeline's mother, Ms. Carmen Lopez, is 71 years of age and lives in a government-owned and government-subsidized Senior Housing Project in South Miami. Children are not permitted to live there. Allison cannot go to live with her grandmother. Ms. Lopez does not drive. On those occasions when she must travel to Madeline's apartment in Sunny Isles to care for Allison, she must take a train and two buses to get there. Travel time is 2 ½ to 3 hours each way. If Ms. Lopez were to move into Madeline's apartment to care for Allison, she would lose her apartment at the Senior Housing Project. Madeline's mother is not a candidate care for Allison.

The only other close relative living in the South Florida area is Madeline's 52-year-old sister. This sister lives in a very small government-subsidized low income housing project with her husband. She is for all practical purposes incapacitated due to pain medication that she takes for injuries suffered in a near-fatal motor vehicle accident back in 1993.

**PROPOSED SENTENCE**

The presentence investigation report in this case calculated a Total Offence Level of 25. The defense motion for a 2 level adjustment for Minor Role is pending. Further, the Defendant is hopeful that the government will file a Motion to reduce the Defendant's sentence pursuant to Section 5K1.1 of the Sentencing Guidelines. Thus, the Defendant does not know the exact "adjusted" Offense Level the Court will left to consider.

The Defendant respectfully requests that this Court order a variance to the Defendant's sentence in light of all of the factors outlined above. The Defendant respectfully requests that the Defendant's Sentencing Guidelines be reduced to Level 11. This is in Zone B, with a range of 8-14 months. The Defendant further respectfully requests that the Court sentence the Defendant to 14 months of home confinement with a special condition of 1,000 to 2,000 hours of community service.

As of the writing of this Memorandum, Madeline was forced to move out of her apartment due to a rent increase. She had applied for approval for a new apartment that would have kept Allison in the same school and that would have reduced her rent to $1,050 per month. She learned yesterday that her application for this apartment was denied. Madeline and her daughter Allison have been forced to move out of their apartment and are temporarily sleeping in the living room of a relative. Madeline continues in her search for a new apartment.

In the event, Ms. Lucas is sentenced to home confinement, she has been promised temporary financial assistance from her ex-husband as well as other more distant family members, during the term of her home confinement. She has already begun volunteer work at Camillus House and at Miami Rescue Mission. At Camillus House, she has already begun part-time volunteer work in the food service department. She has an interview on September 24, 2012 at 10:30 a.m. to begin work for their counseling services. A copy of the interview confirmation is attached. At Miami Rescue Mission she has already begun part-time volunteer work tutoring adult male students as well as working in the food service department. Both Camillus House and Miami Rescue Mission are able to provide Ms. Lucas with as many community service hours as she is willing to work. Both are very experience in monitoring community service hours and reporting directly to the Court and to a Probation Officer. Ms. Lucas hopes to work full-time at these community organizations from Monday through Thursday. On Fridays, Saturdays and Sundays she hopes to find a part-time job in the retail or food service industries. In the evenings, in addition to caring for her daughter Allison, she plans to enroll in an online MBA-Marketing Graduate Program. All this of course would be monitored and enforced by her Probation Officer.

In conclusion, the Defendant Madeline Lucas has pled guilty to creating false therapist notes. While her role in this offence was relatively minor, her cooperation with the authorities was extraordinarily extensive, extraordinarily valuable and at great personal sacrifice to her. It is respectfully suggested that the sentence proposed in this Memorandum is sufficient to satisfy the needs of society, but not greater than necessary. It provides ample punishment to the Defendant while at the same time giving her a chance to rehabilitate her life. It punishes the Defendant and yet minimizes the collateral damaging effect the sentence would have on the Defendant's 12-year-old daughter.

Respectfully submitted,

  /s/
STEVEN H. HAGUEL, ESQ.  (237884)
Steven@HaguelLaw.com
Law Offices of Steven H. Haguel
One Datran Center- Suite 400
9100 South Dadeland Blvd.
Miami, FL  33156
Telephone: (305) 256-1000
Facsimile: (305) 670-1925
Attorney for Defendant Madeline Lucas

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served by electronic filing on September 21, 2012 on all counsel or parties of record.

  /s/
STEVEN H. HAGUEL, ESQ.