April 4, 2013                           Madeline Lucas #99976-004
                                        FCC Coleman Camp Unit F-4
                                        P.O. Box 1027
Wilkie D. Ferguson U.S. Courthouse      Coleman, FL 33521-1027
400 N. Miami Ave., 12th Flr.
Miami, FL 33128

Dear Honorable Judge Scola, Jr:

    I am taking the liberty of writing you directly because I have tried to reach my lawyer, Steven H. Haguel by numerous emails and letters sent to his law office, but have received no response back from him. At this time, I don't know if he has been discharged from my case, or if I still have legal representation. I apologize for my direct communication with the Court. Nevertheless, I will forward copy of this letter to Mr. Haguel.

    If you recall, I was indicted along with numerous defendants in the health care fraud case against Biscayne Milieu Health Center. I provided substantial assistance and cooperated extensively with the government. I also served as a key witness for the prosecution and provided truthful and credible testimony during three days. My testimony and assistance was valuable and I believe aided in the conviction of about 25- persons.

The purpose of this letter is to respectfully request that you consider providing an order to BOP to allow for "time served", or in the alternative order an immediate release for my home detention placement to my own apt; which is my release address. The reason for this request is that I presently have mitigating circumstances that could not have been anticipated on my sentencing day of 9/25/12. Last week I received by process server at the prison a motion filed by my ex-husband, Rahe Lucas, for a change of child custody and relief of his financial obligations for our only child, Allison, age 12. You might recall that my ex-husband testified at my sentencing to advise the court that he did not have a home and that he could not take care of our daughter. I was shocked to receive his summons. Moreover, I feel defenseless due to my incarceration knowing that he is trying to move his motion to a hearing not allowing me due process and to be free to appear before the family judge to represent myself and the best interests of my young child, whom I have been raising as a single mom for over (10) years now. I will be filing an answer from prison.

I am at risk of losing my release home and potentially my custodial rights, as I don't know how the family court will view my present conviction.

I would like to inform you of the progress and strides I have made since my incarceration in Dec/2012. I began to work two positions immediately after being medically cleared. I have been working hard at programming and in my first (3) months have completed (9) classes (day + evenings). I'm currently enrolled full-time in a Vocational Training in Culinary Arts which prepares me for immediate employment. I also completed an Accounting class. I am now also enrolled in (8) new classes, and ongoing religious services and I follow programming Recommendations made by my case manager and counselor. My current job is in Food Service Detail for the Penitentiary (USP) when they are in Lock-down. I have accomplished more in just (3) months and will have about (20) certificates of training by June/13. I have been preparing for my Re-entry since my first day at Coleman Camp. I am paying Restitution an started a pre-release savings acct. I have not been in any trouble at the institution and have been an exceptional inmate. I am into 50% of my time served (GCT included) and I need to be back home immediately to secure my home and keeping my child in my custody.

As a first-time, non-violent offender, over age 50, a single hard-working mother, the remainder of my sentence would be better served employed, paying my

restitution and taxes and taking care of my daughter at home as soon as possible.

Judge Scola, I assure you that I have learned my lesson. I have felt my punishment every day of my incarceration. I am not a threat to society. Further, you do not have to worry about recividism issues with me because I am a hard-working single mom, who wants to re-pay her debt to society in a productive and expeditions manner, and I can do this immediately if released to my home rather than to a halfway house. An immediate <u>home confinement</u> will allow me to save my home and keep my daughter, who has suffered tremendously and her school grades went down. I also have medical issues that are going untreated at this institution and I need to be treated by my personal healthcare specialists as soon as possible back home. Finally, I don't have money to pay a halfway house, restitution and my own apartment rent and other obligations. I firmly believe that the few remaining months I have left to serve can be done in home-confinement while I comply with the Court's requirement and can begin full-time work sooner than later in the year. I feel this request for either an order for "time-served" or immediate release to home-confinement with an ankle monitor is reasonable. I am eligible for provisions of the "Second Chance Act" and attached is information about this. I look forward to a response with your decision Judge Scola, Respectfully, Madeline Lucas

On April 9, 2008 President Bush signed into law the Second Chance Act. Although the Act is certainly a step in the right direction, the bulk of the Act is designed to permit additional funding and research for re-entry programs and targets recidivism. However, one provision amends the law and allows the Federal Bureau of Prisons to grant up to 12 months in a Halfway House rather than 6 as previously authorized. The Act also amends 18 USC §3624(c) and permits the BOP to grant up to 6 months in Home Confinement. To date the Bureau of Prisons has not issued regulations letting the criminal justice community know how it will utilize its new authority, but we are optimistic that more inmates will find that they will receive more CCC and HC time than previously permitted. See Update Above Please feel free to call or e-mail with specific questions.

1. MARCH 2013 New Senate Bill to Change Mandatory Minimums

On March 20, 2013, Senators Patrick Leahy (D-VT) and Rand Paul (R-KY) introduced the Justice Safety Valve Act of 2013, S. 619, in the U.S. Senate. The bill creates a brand-new, broad "safety valve" that would apply to all federal crimes carrying mandatory minimum sentences. If passed, the Justice Safety Valve Act would allow judges to sentence people below the mandatory minimum sentence whenever that minimum term does not fulfill the goals of punishment. In a nutshell, if passed, the bill would restore sentencing discretion to judges in all federal cases where a mandatory minimum applies! Now is the time to write your Congresspersons and Senators or contact Families Against Mandatory Minimums for more information.

2. SCOTUS upholds BOP s Method of Calculating Good Time Credits

On June 7, 2010 the United States Supreme Court upheld the Federal Bureau of Prisons method of calculating good time credits. As all involved with the federal prison know, the relevant statute provides for 54 days of good time per year. The BOP calculated that in a manner which effectively provided for 47 days per year and many inmates and their families have futilely challenged the BOP s method. This decision should put to rest all other challenges in this regard. Read the decision here. There is certainly more of a need to push for the Federal "Good Time" bill.

3. BOP Issues Regulations on Halfway Houses

Regulations were finally issued by the BOP to provide some guidance as to how it will interpret and implement the relevant provisions of the Second Chance Act. The BOP will give "individualized consideration" to every inmate in determination how much time they will receive in a Halfway House. The Second Chance Act permits the BOP to grant up to 12 months in a Halfway House and inmates can receive no time or 12 months depending upon the following: 1.The resources of the facility contemplated; 2. The nature and circumstances of the offense; 3.The history and characteristics of the prisoner; 4. Any statement by the sentencing court concerning the purpose for which the sentence was imposed or recommending a specific type of institution; and 5. Any pertinent policy statements issued by the United. It is hopeful that the BOP will now consider more inmates for more Halfway House time than before. Please contact NPSC if you have any questions or comments.

4. The Federal "Good Time" Bill

In September 2008, Representative Danny Davis of Illinois introduced the "Federal Work Incentive Act of 2008." This bill has quickly become known as the Federal "Good Time" Bill. The Bill proposed to "roll back," so to speak, the good time allowances as they existed before the enactment of the Sentencing Reform Act. As all federal inmates and their families are aware, an inmate currently must serve 85% of their time and there are extremely limited options to reduce their time. This new Bill would provide incentives for inmates and create a graduated system of good time credits. Under the Bill the following would be the amount of good time available, along with "Industrial Good Time" in the amount of 3 days per month for the first year and 5 days per month for the following years:

(1) 5 days for each month of the sentence, if the sentence is not less than 6 months and not more than 1 year.
(2) 6 days for each month of the sentence, if the sentence is more than 1 year and less than 3 years.
(3) 7 days for each month of the sentence, if the sentence is not less than 3 years and less than 5 years.
(4) 8 days for each month of the sentence, if the sentence is not less than 5 years and less than 10 years.
(5) 10 days for each month of the sentence, if the sentence is 10 years of more.

Certainly, this is a huge step in the right direction to reduce not only prison overcrowding and the associated skyrocketing costs of incarceration, but will provide inmates with a strong incentive to be the classic "model prisoner." It will also bring home your loved ones much sooner. The bill is currently sitting it he House Judiciary Committee and no substantive action has yet been taken.

However, it is imperative that you contact your Congressperson and show your support for this Bill. To find out who your Congressperson is, go to www.house.gov and enter your zip code. Congress MUST hear your voice or this will be just another bill that dies in Committee.

Madeline Lucas
Register # 99976-004
FCC Coleman Camp-Unit F
P.O. Box 1027
Coleman, FL 33521-1027

The Honorable Judge Scola, Jr.
Wilkie D. Ferguson U.S. Courthouse
400 N. Miami Ave
12th Floor
Miami, FL 33128